HARDIMAN, Circuit Judge,
concurring in part and dissenting in part,
I agree with my colleagues that Appellants’ retaliation claims fail at summary judgment. I disagree, however, that Appellants’ discrimination claims fail for want *113 of pretext under Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir.1994).
Before they were laid off, Appellants complained to management that Asian un-loaders favored Asian inspectors in the distribution of work. Supervisor Arlene Yorgey validated these complaints, stating: “yes, I do know that ... you’re not getting the work because it’s going down ... to the ... Asian girls.” Under our precedents, an employer’s reliance on objective criteria tainted by discrimination or inequality evidences pretext. See, e.g., Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 319-21 (3d Cir.2000); Bray v. Marriott Hotels, 110 F.3d 986, 994-95 (3d Cir.1997). In addition, A RI expressed racial bias[1] and hired employees immediately before and after the 2006 and 2007 RIFs.[2] Finally, the fact that some Caucasians survived ARI’s layoffs and some Asians did not is not dispositive, see, e.g., Goosby, 228 F.3d at 321; Iadimarco v. Runyon, 190 F.3d 151, 165 (3d Cir.1999), particularly where, as here, A RI eliminated all but six or seven Caucasian processing employees in just two years.
For these reasons, I would give Appellants their day in court.

. Appellants and former co-workers testified that two supervisors said Asians work better, work faster, complain less, and do not call in sick as often as Caucasians.

. ARI hired three inspectors two months after the 2006 RIF, converted four temporary employees to full-time status just three days before the 2007 RIF, and hired processing employees in the months following the 2007 RIF.